**WO**                                                                                               ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No.  CV-24-00336-PHX-MTL (CDB) |
|---|---|
| Plaintiff, | CR-19-00176-PHX-MTL |
| v. | **ORDER** |
| Harry Alexander Knight, | |
| Defendant/Movant. | |

On February 16, 2024, Movant Harry Alexander Knight, who is confined in the Central Arizona Florence Correctional Complex in Florence, Arizona, filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court will summarily deny the § 2255 Motion.[*]

**I.     Procedural History**

Pursuant to a plea agreement, Movant pleaded guilty to interstate communications containing a threat, in violation of 18 U.S.C. § 875(c). On May 5, 2022, the Court sentenced Movant to a 37-month term of imprisonment—with credit for time already served—followed by 3 years on supervised release. After being released from incarceration, Movant violated the terms of his supervised release on two occasions, and, on December 7, 2023, the Court sentenced him to 18 months' incarceration with no further

---

[*] Movant has also filed a "Motion for Nunc Pro Tunc (Doc. 4), Motion to Appoint Counsel (Doc. 5), Motion for Release (Doc. 6), Motion to Correct the Record (Doc. 7), Motion for Transcripts and Discovery (Doc. 8), and Motion for Hearing or Conference (Doc. 9). Because the Court will summarily dismiss this action, these motions will be denied as moot.

period of supervised release.

The instant § 2255 Motion followed. Citing *Counterman v. Colorado*, 600 U.S. 66 (2023), Movant argues that he is "actually innocent," noting that the Supreme Court recently held that "subjective intent" is required before a person can be found guilty of making a "true threat."

**II.    Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

**III.   Waiver**

Movant has waived challenges to his conviction and sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *United States v. Hamilton*, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant

- 2 -

to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992) (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver). "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). *See also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of Movant's plea agreement, Movant made the following waiver:

> The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, superseding indictment, or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, and order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

(Doc. 135). Movant indicated in the plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered the plea voluntarily. (*Id.*).

Movant's assertions in the § 2255 Motion all pertain to his underlying conviction, and do not pertain to the voluntariness of the waiver, or the revocation of his supervised release. Movant expressly waived the right to bring a § 2255 motion. The Court accepted the plea as voluntarily made. Consequently, the Court finds that Movant waived the issues raised in the § 2255 Motion, and the Motion can be denied on this basis alone.

Further, even if Movant had not waived challenges to his conviction and sentence, his argument fails on the merits. As part of his Plea Agreement, Movant admitted that he had sent what he himself described as "death threats," including the statements: "THIS IS A REAL THREAT" and "bitch im coming for you now. GET POLICE PROTECTION AND a 24 HOUR POLICE DETAIL, YOU NEED IT too!!" (*Id.*) (emphasis in original). Defendant further admitted that these statements were "threatening" and that he had "transmitted the communication for the purpose of issuing a threat." (*Id.*) As such, to the extent Movant alleges that "a subjective element of intent is required" before he can be found guilty under § 875(c), the admissions he made as part of his Plea Agreement are sufficient to satisfy such a requirement. *Elonis v. United States*, 575 U.S. 723, 737 (2015); *Counterman*, 600 U.S. at 118 ("[W]e generally presume that federal criminal statutes that are silent on the required mental state nonetheless impose the *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct. That is why we rejected an objective standard for the federal threat prohibition, 18 U.S.C. § 875(c).") (J. Barrett, dissent) (internal quotations and citations omitted). Accordingly, the § 2255 Motion will be denied.

**IT IS ORDERED:**

(1) The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 183 in CR 19-00176-PHX-MTL) is **denied** and the civil action opened in connection with this Motion (CV 24-00336-PHX-MTL (CDB)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(2) Movant's "Motion for Nunc Pro Tunc, Motion to Appoint Counsel, Motion for Release, Motion to Correct the Record, Motion for Transcripts and Discovery, and Motion for Hearing or Conference (Docs. 4 through 9 in CV-24-00336-PHX-MTL (CDB)) are **denied as moot**.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 9th day of May 2024.

Michael T. Liburdi
United States District Judge